MAY L. QUINLAN, PROSECUTOR, v. CHARLES CROSS ET
AL. AND BOROUGH OF FAIR HAVEN, RESPONDENTS.

Decided August 1, 1925.

NOTE—This case was inadvertently included in the Advance
Reports on page 1341. It should have been among the Miscella-
neous Reports, and is now so included.

Municipalities—Ordinances—Sidewalks—Assessments—Contract
Let Without Advertising and With Other Irregularities—
Municipality Claims the Plaintiff, Though Cognizant of the
Work Being Done, Took No Action to Arrest Proceedings
Until Completion—Justice and Equity Obliged Plaintiff to
Act Upon Learning of Contemplated Action and Not Wait
Until Large Sums of Money Had Been Expended.

For the prosecutor, *N. Louis Paladeau, Jr.*

For the respondents, *Wilson & Smock.*

The opinion of the court was delivered by

LLOYD, J. This was a *certiorari* granted to bring before
the court the contract and assessment made in pursuance of
an ordinance for the laying of sidewalks and curbing on
Pearl street and Fairhaven road, in the borough of Fair-
haven. The contract was made with James Norman & Sons,
contractors, at the rate of twenty-two cents per square foot
for sidewalks and fifty cents per lineal foot for concrete curb-
ing. This contract was evinced by a short correspondence
between the parties. The sidewalks were laid but the curb-
ing was not laid. The bills for the entire work on the side-
walks for $2,258.30 was paid by the borough. The grounds
upon which it is sought to set aside the contract and assess-
ment are substantially that the contract was let without
public advertising, and, being in excess of $500, was under
the provisions of the Home Rule act of 1917 illegal; that no
specifications for the work were given; that no notice was
given to the prosecutor of any proceedings to impose assess-
ments for benefits according to law; that the contract if

valid was an entire one, and that no assessment could be legally made for the sidewalk alone and until the curbing was laid; and, finally, because no moneys were appropriated or available at the time of the awarding of the contract, nor was any ordinance passed authorizing the improvement and levying of the assessment on the property by the prosecutor. Substantially, these averments are admitted by counsel for the respondents, but it is claimed that the prosecutor has debarred herself from favorable action from the court by reason of laches in that she was cognizant of the improvement; that she made no objection during the progress of the work, and that by her silence she acquiesced in the improvement.

The question for solution is therefore reduced to the single proposition (assuming the irregularities, and these were certainly flagrant), is the prosecutor in any position at this time to question the validity of the contract and the assessment thereunder on her property?

It appears from the proofs that the prosecutor, while cognizant of the steps that were being taken, took no action looking to the arrest of the proceedings under the ordinance and the improvement until after the entire work had been completed and was in use. I think under the authorities, and under all principles of justice and equity, she was obliged to act promptly upon learning of the contemplated action, and not to permit the expenditure of large sums of money and the commitment of the municipal authorities to a course of action which entailed great burden and expense upon it if she were going to attack the validity of the contract and the subsequent action thereunder. The authorities dealing with the question of laches under such circumstances are numerous and in no uncertain voice. They declare that one situated as the prosecutor cannot sit idly by and observe such improvements without thereafter being estopped from complaining. *Cunningham* v. *Borough of Merchantville,* 61 *N. J. L.* 466; *Glass Works* v. *Glassboro,* 79 *Id.* 352. The case of *Schumm* v. *Seymour,* 24 *N. J. Eq.* 143, cited by the prosecutor, dealt with the case of fraud on the part of the municipal authorities, and relief was accorded to the complainant on that

theory. In the present case there is no suggestion of bad faith.

In this case, if the proceedings were not set aside, it would work an injustice upon the municipality and an equal one upon property owners, who would bear an unjust assessment, and, as was said in *Glass Works* v. *Glassboro, supra,* "the writ may be refused when it appears that the public interest will suffer or private injustice will be done. If the prosecutor suffers the public work, on account of which his property may properly be assessed for benefits, to proceed for several weeks without applying for his writ, and only applies after the work is nearly completed, at a large expenditure of public moneys, the writ will be refused, or, if allowed, will be dismissed when these facts are brought to the attention of the court."

When the writ was allowed in this case it was stipulated by counsel that I should hear the case as and for the Supreme Court sitting in one of its branches.

Having reached the conclusion that the proceedings should not be disturbed, the writ will be dismissed.